MARCUS G. TIGGS, BAR NUMBER 137467
mtiggs@lawbwl.com
**BAYER WISHMAN & LEOTTA**
1055 Wilshire Blvd., Ste 1900
Los Angeles, CA. 90017
Tel. 213-629-8801
Fax. 213-629-8802

Attorney for Objecting Creditor,
ROAYAL BUSINESS BANK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MICHAEL CHRISTIAN ALEXANDER<br><br>  Debtor. | Case No.: 2:25-bk-18382-VZ<br><br>Chapter 13<br><br>**OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**<br><br><u>Hearing</u><br>DATE:   October 21, 2025<br>TIME:   10:00 am<br>PLACE: Courtroom 1368<br>            255 E. Temple Street<br>            Los Angeles, CA. |

**TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; NANCY K. CURRY, CHAPTER 13 TRUSTEE; MICHAEL CHRISTIAN ALEXANDER, DEBTOR; ANERIO V ALTMAN, COUNSEL FOR DEBTOR AND ALL PARTIES IN INTEREST:**

COMES NOW, ROYAL BUSINESS BANK (hereinafter referred to as "RBB" or "Creditor"), by and through its bankruptcy counsel of record, MARCUS G. TIGGS, a member of Bayer Wishman & Leotta, does hereby file this Opposition to Debtor's Motion for an Order Imposing the Stay or Continuing the Automatic Stay, as follows:

## **FACTS**

RBB is a creditor of Debtor by virtue of a Small Business Administration loan obtained on or about 8 August 2019 by K.O.L.A., Inc. (dba: 9Round DTLA), to which Debtor represented to be the

- 1 -

primary shareholder and personally guaranteed subject loan for the principal amount of $115,000 (the "Loan").

The Loan and related note is secured by a Deed of Trust in favor of RBB against Debtor's real property located at: 6435 Green Valley Circle, Unit 214, Culver City, CA. 90230 (the "Real Property") and UCC-1 Financing Statement encumbering the tangible and intangible assets of Debtors former business, K.O.L.A., Inc. (dba: 9Round DTLA).

Under the terms of the Loan, principal and interest payments of $1,541.61 are due on the 1st of each month and if not received on or by the 11th of that particular month, a late charge of 5% of the unpaid portion of the regular payment is incurred. The interest rate of the Loan is the Prime Rate, plus 2.75%; at the time of case filing, the interest rate for the Loan was 11.25%.

The last payment made on the Loan was July 2023, to which from August 2023 the Loan was in default. Under the terms of the Note, upon default, RBB may collect against the collateral and/or guarantor.

On December 12, 2024, in the prior case (2:24-bk-15055−VZ), RBB obtained relief from the automatic stay as to the Real Property. *See* Dkt. 29. The prior case was then dismissed on February 26, 2025. See Dkt. 41. From the time RBB obtained stay relief in the prior case, RBB received various communications from Debtor or agents of Debtor, as to Debtor selling the Real Property, and what would appear to be a very effective use of Civil Code §2924(f), as follows:

| Date | Event | Comments |
|---|---|---|
| 12/12/2024 | RBB is granted stay relief in the prior Chapter 13 case. | |
| 12/16/2024 | RRB receives 1st Listing Agreement for Debtor's counsel | Trustee Sale (TS) is postponed until 1/28/2025 |
| 1/16/2025 | Foreclosure Trustee notifies RBB Debtor submitted a Property Sale Listing Notification under (new) Civil Code §2924(f) | §2924(f) Notification required a 45-day postponement of the TS until 3/18/2025 |
| 3/10/2025 | RBB received from Debtor's agent required HUD statements under Civil Code §2924(f) | §2924(f) required RBB to honor an additional 45-day postponement of the TS (which extended beyond the one- |

| Date | Event | Comments |
|---|---|---|
| | | year expiration date. Allowing the new Notice of Sale (NOS) to only be recorded after the conclusion on the latest 45-day postponement. |
| 5/5/2025 | New NOS is recorded | New TS date set for 5/29/25 |
| 5/12/2025 | Foreclosure Trustee receives a new Listing Notification (2nd) for Debtor under §2924(f) | §2924(f) required another 45-Day postponement of the TS date, until 7/17/2025 |
| 7/10/2025 | California passes AB130 on 6/30/25 requiring RBB to record a new NOS to incorporate the Certification required under the bill | New NOS is recorded on 7/15/2025 with a TS date set for 8/7/2025. |
| 7/29/2025 | Foreclosure Trustee receives another Listing Notification (3rd) under §2924(f), requiring another 45 Day postponement of the TS date | New TS date is set for 9/23/2025 |
| 9/22/2025 | Debtor files this present Chapter 13 case | TS Sale has been postponed due to the bankruptcy stay. |

## **ARGUMENT**

Since the time RBB obtained relief from the stay in the prior case, RBB has received various communications from Debtor or agents thereof about the sale of the Real Property. Debtor's Motion contends good faith exists in the present case, essentially because, "*Now*" Debtor is *proposing to sell his property*, and that his income has stabilized as compared to that during the earlier case.

What would appear to be Debtor's claim that selling the property is a sign of good faith, is misplaced. Debtor has had months to sell the Real Property, but he has yet to do so. Therefore, there is no reason within the Motion that shows anything has changed in this regard.

Debtor's ability to use Civil Code §2924(f) and other recent California law changes allowed Debtor to effectively postpone the sale of the property for almost nine (9) months from January 2025 to September 22, 2025, and then culminating with this current filing the day before the scheduled foreclosure sale date to which Debtor seeks the continuation of the stay.

Debtor further contends good faith exists because he has more stable employment. However, what is apparent from comparing the prior case with the present case is that Debtor's disposable income is in fact less. The differences are summarized as follows:

| Prior Case Sch I Net Monthly income | Present Case Sch I Net Monthly Income | Diff. Δ Sch I | Prior Case Disposable Income Sch J | Present Case Disposable Income Sch J | Diff. Δ Disposable Income Sch J |
|---|---|---|---|---|---|
| $6,267.82 | $5,541.36 | ($726.46) | $1,084.37 | $280.91 | ($803.46) |

## **CONCLUSION**

For the foregoing reasons this Honorable Court should deny Debtor's Motion.

**BAYER WISHMAN & LEOTTA**

Dated: 9 October 2025

*/s/ Marcus G. Tiggs*
MARCUS G. TIGGS, Attorney
for Royal Business Bank

## DECLARATION IN SUPPORT OF OPPOSITION

I, ROBERT ROSS, do declare under penalty of perjury, that the following is true and correct to the best my personal knowledge:

1. I am the Deputy Chief Credit Officer for Royal Business Bank (RBB); I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding RBB's interest in the Real Property described in Debtor's Motion.

2. I am one of the custodians of the books, records and files of RBB that pertain to loans and extensions of credit given to Debtor concerning the Real Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.

3. I have personal knowledge of the facts and circumstances relating to the Debtor's prior bankruptcy case and bankruptcy case filings made by RBB in that case, including but not limited to, RBB's Objection to Confirmation and obtaining an order granting relief from the automatic stay. Furthermore, I have personal knowledge as to the foreclosure activities taken by RBB post entry of the order granting relief from the stay in the prior case, and up until the filing of the present case.

4. RBB is a creditor of Debtor by virtue of a Small Business Administration loan obtained on or about 8 August 2019 by K.O.L.A., Inc. (dba: 9Round DTLA), to which Debtor represented to be the primary shareholder and personally guaranteed subject loan for the principal amount of $115,000 (the "Loan").

5. The Loan and related note is secured by a Deed of Trust in favor of RBB against Debtor's real property located at: 6435 Green Valley Circle, Unit 214, Culver City, CA. 90230 (the "Real Property") and UCC-1 Financing Statement encumbering the tangible and intangible assets of Debtors former business, K.O.L.A., Inc. (dba: 9Round DTLA).

6. Under the terms of the Loan, principal and interest payments of $1,541.61 are due on the 1st of each month and if not received on or by the 11th of that particular month, a late charge of 5% of the unpaid portion of the regular payment is incurred. The interest rate of the Loan is the Prime Rate, plus 2.75%; at the time of case filing, the interest rate for the Loan was 11.25%.

7. The last payment made on the Loan was July 2023, to which from August 2023 the Loan was in default. Under the terms of the Note, upon default, RBB may collect against the collateral and/or guarantor.

8. In the prior case, RBB obtained relief from the automatic stay as to the Real Property on December 12, 2024 (Dkt. 29). The prior case was then dismissed on February 26, 2025 (Dkt. 41). From the time RBB obtained stay relief in the prior case, RBB has received various communications from Debtor or agents of Debtor, as to Debtor selling the Real Property and what would appear to be a very effective use of Civil Code §2924(f), as follows:

| Date | Event | Comments |
|---|---|---|
| 12/12/2024 | RBB is granted stay relief in the prior Chapter 13 case. | |
| 12/16/2024 | RRB receives 1st Listing Agreement for Debtor's counsel | Trustee Sale (TS)is postponed until 1/28/2025 |
| 1/16/2025 | Foreclosure Trustee notifies RBB Debtor submitted a Property Sale Listing Notification under (new) Civil Code §2924(f) | §2924(f) Notification required a 45-day postponement of the TS until 3/18/2025 |
| 3/10/2025 | RBB received from Debtor's agent required HUD statements under Civil Code §2924(f) | §2924(f) required RBB to honor an additional 45-day postponement of the TS (which extended beyond the one-year expiration date. Allowing the new Notice of Sale (NOS) to only be recorded after the conclusion on the latest 45-day postponement. |
| 5/5/2025 | New NOS is recorded | New TS date set for 5/29/25 |
| 5/12/2025 | Foreclosure Trustee receives a new Listing Notification (2nd) for Debtor under §2924(f) | §2924(f) required another 45-Day postponement of the TS date, until 7/17/2025 |
| 7/10/2025 | California passes AB130 on 6/30/25 requiring RBB to record a new NOS to incorporate the Certification required under the bill | New NOS is recorded on 7/15/2025 with a TS date set for 8/7/2025. |

| Date | Event | Comments |
|---|---|---|
| 7/29/2025 | Foreclosure Trustee receives another Listing Notification (3rd) under §2924(f), requiring another 45 Day postponement of the TS date | New TS date is set for 9/23/2025 |
| 9/22/2025 | Debtor files this present Chapter 13 case | TS Sale has been postponed due to the bankruptcy stay. |

DATED: October 8, 2025

_____
**ROYAL BUSINESS BANK**
By: Robert Ross, Deputy Chief Credit Officer

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1055 Wilshire Blvd., Ste 1900**
**Los Angeles, CA. 90017**

A true and correct copy of the foregoing document described **OPPOSITION TO DEBTOR'S MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 9 October 2025 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Anerio V Altman    aaltman@ecf.courtdrive.com, lakeforestpacer@gmail.com
Nancy K Curry (TR)    inquiries@trusteecurry.com, TrusteeECFMail@gmail.com
Marcus G Tiggs    mtiggs@lawbwl.com, bribwl@gmail.com;18631@notices.nextchapterbk.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On ___9 October 2025___ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. **\*\*All First Class Mail\*\***

Debtor
Michael Christian Alexander
6435 Green Valley Cir Unit 214
Culver City, CA 90230-8075

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9 October 2025 | MARCUS G. TIGGS | /s/Marcus G. Tiggs |
|---|---|---|
| *Date* | *Type Name* | *Signature* |